**Robert James LUBBEN, Plaintiff,**

**v.**

**SELECTIVE SERVICE SYSTEM, LOCAL BOARD NO. 27, et al., Defendants.**

**Civ. A. No. 70–979–F.**

United States District Court,
D. Massachusetts.

Aug. 10, 1970.

---

William A. Norris, Cummington, Mass., David H. Lamson, Boston, Mass., for plaintiff.

Herbert F. Travers, U. S. Atty., George V. Higgins, Asst. U. S. Atty., for defendant.

## MEMORANDUM and ORDER

CAFFREY, District Judge.*

This matter came before the Court on the basis of plaintiff's application for a temporary restraining order and an order in the nature of mandamus. Briefly stated, plaintiff is a registrant under the Selective Service System who filed an application for a change of classification from 1-A to 1-O, conscientious objector, subsequent to receipt of a notice of induction from his local board.

On August 4, 1970, Judge Garrity of this court handed down a ruling in the case of Lane v. Local Board No. 17, 1355 F.Supp. 315, granting substantially the same relief sought herein to the plaintiff in that case. An examination of the court file in Lane indicates that the *Lane* and *Lubben* cases are factually on all fours with each other as to all events leading up to and including the granting of a personal appearance by the registrant subsequent to the filing of his post-induction-notice application for conscientious objector status. The cases differ only in the clarity of the response made to the registrants by the respective local boards. In both cases, reopening was denied by the local board, but the response of the board in the instant case much more clearly establishes than did the response of the local board in *Lane* that, in fact, an "evaluative determination" of the registrant's claim for change of classification was made by the board subsequent to the personal appearance of the petitioner.

Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 was decided June 15, 1970, and the Supreme Court there told us (at p. 417, 90 S.Ct. at p. 1772):

"The Board could not deprive the petitioner of the procedural protections attending reopening by making an evaluaive determination of his claim while purportedly declining to reopen his classification."

This is precisely what, in fact, petitioner's local board has done. Its handling of the hearing and its communications to petitioner thereafter clearly establish that it has made a *de facto* opening of his case and denied his application on the basis of its disbelief of his sincerity without making a *de jure* opening which would afford him the administrative appeals available within the Selective Service System. This, a local board may not do.

While it is true that 32 C.F.R. 1625.2 provides in pertinent part that if re-

* Sitting as Emergency Judge.

classification is sought after an order to report for induction has been mailed to the registrant, his classification "shall not be reopened * * * unless the local board first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant has no control," it appears that in the instant case the local board expressly found, as appears in its letters of June 25 and June 26, 1970 (Appendix 9 to Complaint), that plaintiff "recently became aware of his possible classification of conscientious objector after receipt of an induction order." Also, it does not appear that the board specifically addressed itself to whether the opening was beyond registrant's control. In view of the fact that the board could not properly reopen plaintiff's case without such a finding, and having in mind the fact that it did reopen this case, I draw the inference that the above-quoted language is an inept statement by the board to the effect that it made the appropriate findings under 1652.2.

Because of the very close similarity between this case and the *Lane* case, and in the interests of having judges of this court make the same ruling on substantially similar legal issues wherever it is possible to do so, this decision will be in accord with that of Judge Garrity in *Lane*.

Accordingly, it is

Ordered:

Local Board No. 27 is enjoined from ordering plaintiff to submit to induction unless and until it expressly, and as a matter of record, makes a *de jure* reopening of his case and decides same on the merits, which, depending on the nature of the decision on the merits, will either grant him his administrative appeals or render them academic.